UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | **CIVIL ACTION NO. H-03-03713** |
| | § | |
| **CITY OF HOUSTON**, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Movant M. Halpin's Motion to Quash Service of Process, Subpoena, and Deposition (Doc. # 90). For the following reasons, the motion is **DENIED**.

On June 8, 2006, Relator's attorney served Movant with a subpoena to appear for deposition on June 15, 2006. Movant challenges the validity of this subpoena on four grounds. First, Movant points out that the subpoena was served by Relator's attorney of record. Second, Movant contends that he was not afforded reasonable notice to appear for the deposition, and that appearing for the deposition would create an undue burden and hardship for him and for his employer, Texas Congresswoman Sheila Jackson Lee. Next, Movant asserts that the subpoena failed to identify with particularity the Court from which it was issued, and finally, that the subpoena failed to state the method by which Movant's testimony was to be recorded. Accordingly, Movant urges the Court to quash the service of process, the subpoena, and the deposition, and to enter an order of protection.

With respect to Movant's first contention, that Relator's attorney improperly served the subpoena, the Federal Rules of Civil Procedure do not explicitly bar service by a party's attorney. Rather, "[a] subpoena may be served by any person who is not a party and is not less than 18 years of age." FED. R. CIV. P. 45(b)(1). Movant has not cited any case holding that a

party's attorney may not serve a subpoena, nor has this Court found such a case. Additionally, as Relator notes, Federal Rule of Civil Procedure 45(a)(3) permits an attorney, as an officer of the court, to issue and to sign a subpoena. The Court agrees that it would be inconsistent with this power, and with the notion of an attorney as an officer of the court, to hold the attorney to be a "party" for purposes of serving a subpoena, and to therefore preclude the attorney from serving the subpoena. Accordingly, that Relator's attorney served Movant with the subpoena does not invalidate the service of the subpoena or the subpoena itself.

Movant's second contention is that he was not afforded a reasonable amount of notice to appear for the deposition. In support of this contention, Movant has testified by affidavit that he currently serves as the District Director for the Texas Eighteenth Congressional District and with the House of Representatives in session through July 2006, and that his absence from the office at this time would present a hardship to the offices of Congresswoman Jackson Lee. The Court is sympathetic to Movant's need for sufficient time to arrange for someone to handle his job responsibilities during his absence. This does not, however, justify an order indefinitely shielding Movant from giving testimony in this case. Rather, a period of two weeks should provide Movant with more than adequate notice and a reasonable opportunity to make arrangements with respect to his employment.

Turning to his final two contentions, Movant is correct that a subpoena for attendance at a deposition is required to state the name of the court from which it is issued, as well as the method for recording the testimony. FED. R. CIV. P. 45(a)(1)(A), (a)(2)(B). As Relator points out, however, Movant has not attached a copy of the subpoena to his motion. The Court is therefore unable to verify whether the subpoena indeed failed to specify the court from which it was issued or the method for recording the testimony. Moreover, even if the subpoena failed to make these

specifications, these defects are curable. Relator may specify the court of issuance and the method for recording the testimony when she re-notices Movant's deposition.

For these reasons, Movant's Motion to Quash is **DENIED**, and his deposition shall be reset for a date not less than two weeks from the date of this Order. Relator and Movant are strongly encouraged to work together to select a mutually acceptable date, time, and location for the deposition.

**IT IS SO ORDERED**.

**SIGNED** this 5th day of July, 2006.

*/s/ Keith P. Ellison*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**