## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **ex rel. MARSHA FARMER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-03-3713** |
| | § | |
| **CITY OF HOUSTON, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

At a hearing held on October 5, 2006, the Court denied Defendant City of Houston's Request to Enter Bill of Costs (Doc. #144) and Defendant Houston Area Urban League's Request to Enter Bill of Costs (Doc. #150). The Court now writes to set forth the reasons for the denial for the record. *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990) ("[T]he district court is required to provide justification for its actions [when it refuses to award costs to the prevailing party].").

### I. Background

Relator Marsha Farmer filed a *qui tam* action against Defendants City of Houston ("the City") and the Houston Area Urban League ("HAUL") under the False Claims Act ("FCA"). Ms. Farmer alleged that the City's Emergency Home Repair Program, which was administered jointly by the City and HAUL, made fraudulent use of funds made available for the program through a grant from the United States Department of Housing and Urban Development ("HUD"). Both the City and HAUL filed motions for summary judgment seeking dismissal of Ms. Farmer's action, and these motions were granted by the Court on the ground that the alleged false claims for payment were not presented to the United States Government as required by the

FCA. Nevertheless, despite Ms. Farmer's failure to prevail on her legal claims, her lawsuit may have been partly responsible for prompting HUD to shut down the City's Emergency Home Repair Program.

Final judgment in favor of the City and HAUL was entered on August 16, 2006. The City filed its bill of costs totaling $17,332.12 on August 30, 2006, and HAUL filed its bill of costs totaling $15,337.38 on September 13, 2006.

## II. Defendant Houston Area Urban League shall bear its own costs

The refusal to award costs to HAUL is based on the untimely filing of its bill of costs. Local Rule 54 2 states, "An application for costs shall be made by filing a bill of costs within 14 days of the entry of final judgment." Here, final judgment was entered on August 16, 2006, but HAUL did not file its bill of costs until 28 days later, on September 13, 2006. HAUL could not present the Court with any good cause for the delay, and thus HAUL's request to enter a bill of costs is **DENIED**.

## III. Defendant City of Houston shall bear its own costs

The City's bill of costs, on the other hand, was timely filed; however the Court refuses to award costs on other grounds. While it is true that prevailing parties enjoy a strong presumption that they will be awarded costs, Rule 54(d) of the Federal Rules of Civil Procedure permits a district court to exercise its discretion. *See Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991) ("A trial judge has wide discretion with regard to costs in a case and may order each party to bear his own costs."). In this case, three factors lead the Court to the conclusion that costs should lie where they have fallen. First, this case involved close questions of law that were litigated by Ms. Farmer in good faith. *See Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 423 F. Supp. 2d 651, 652 (S.D. Tex. 2003) (refusing to award

costs to prevailing party "because the case involved close questions of law and because the Court found that [plaintiff] brought suit in good faith"). Ms. Farmer filed suit in 2003, nearly one full year before the D.C. Circuit decided in *United States ex rel. Totten v. Bombardier Corp.* that the FCA required false claims to be presented to the federal government. 380 F.3d 488 (D.C. Cir. 2004). Thus, the legal issue was a close one, and there was never an indication that Ms. Farmer proceeded in pursuing her claim in anything other than good faith.

Second, Ms. Farmer and her attorney were forced to go to some trouble to get discovery, as evidenced by her Motion to Compel which was granted in part by the Court. *See Moody Nat'l Bank*, 423 F. Supp. 2d at 652 (refusing to award costs to prevailing party when its actions "unnecessarily extended the time necessary for the action to be resolved").

Finally, even though Ms Farmer's legal claims failed, the litigation was productive in that it led to the City's Emergency Home Repair Program being shut down by HUD. Thus, because Ms. Farmer did some achieve some level of success, because she had to seek Court intervention to obtain discovery, and because she litigated close questions of law in the utmost good faith, the Court rules that the City's request to enter a bill of costs is **DENIED**.

## IV. Conclusion

Both the City's and HAUL's requests to enter a bill of costs are denied. All parties shall bear their own costs in this matter.

**IT IS SO ORDERED**.

**SIGNED** this 16th day of October, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT